PEOPLE v GISTOVER

Docket No. 63805. Submitted September 7, 1983, at Lansing.—Decided January 3, 1984.

Defendant, Lawrence J. Gistover, was convicted in the Genesee Circuit Court of criminal sexual conduct in the third degree following his plea of guilty. The trial court, Donald R. Freeman, J., sentenced him to a term of from 10 to 15 years in prison. Defendant appeals alleging several errors. *Held:*

1. Defendant was not deprived of his right of allocution at sentencing. The trial court complied with the court rule regarding the right of allocution.

2. The trial court fully complied with the court rule regarding pleas of guilty. The court rule does not require that the defendant be specifically informed that compulsory process is at the public's expense.

3. The trial court did not abuse its discretion in imposing a 10- to 15-year sentence on defendant.

Affirmed.

1. CRIMINAL LAW — RIGHT OF ALLOCUTION — COURT RULES.

The record in a criminal case must reflect that before a sentence is imposed by a trial court both the defendant and his counsel were given an opportunity to make a statement to the sentencing court of any circumstances they believe the court should consider in mitigation, extenuation, or justification of the crime

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 531.

Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced against him. 96 ALR2d 1292.

[2] 21 Am Jur 2d, Criminal Law § 472.

21A Am Jur 2d, Criminal Law §§ 953, 955.

Availability under Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings of subpoena duces tecum. 7 ALR4th 836.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[3] 21 Am Jur 2d, Criminal Law § 538.

for which defendant is to be sentenced, or in any other respect relevant to the sentence to be imposed (GCR 1963, 785.8[2]).

2. CRIMINAL LAW — GUILTY PLEAS — COMPULSORY PROCESS — COURT RULES.

The court rule regarding informing a defendant that by pleading guilty he is giving up his right to a trial including his rights to compulsory process and to confront all witnesses does not require that the defendant be specifically informed that compulsory process is at the public's expense (GCR 1963, 785.7[1][g]).

3. CRIMINAL LAW — APPEAL — SENTENCING.

A criminal defendant may request review of the exercise of a trial court's discretion in imposing sentence, but relief will be granted only where it is found that the trial court abused its discretion to the extent that the sentence shocks the conscience of the appellate court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Barbara A. Menear,* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and BEASLEY, JJ.

M. J. KELLY, J. Defendant appeals as of right from his plea-based conviction of criminal sexual conduct in the third degree, MCL 750.520d; MSA 28.788(4). He was sentenced to a term of from 10 to 15 years in prison.

We have reviewed the record and briefs on appeal and find no error.

Defendant was not deprived of his right of allocution at sentencing. The trial court directly inquired of defendant whether he had any corrections or additions to make to the presentence report. Defendant responded that he did not. The

trial court then directly asked defendant if he had anything further to say. Defense counsel answered on behalf of the defendant, indicating to the court that he was speaking at defendant's request. We find that the trial court complied with GCR 1963, 785.8(2) as construed in *People v Berry,* 409 Mich 774; 298 NW2d 434 (1980).

The trial court also fully complied with GCR 1963, 785.7(1)(g). Defendant was informed that, by pleading guilty, he gave up his right to trial including his right to compulsory process and his right to confront all witnesses. The court rule does not require that defendant be specifically informed that compulsory process is at the public's expense.

Defendant finally contends that the trial court abused its discretion in imposing the maximum allowable sentence on defendant. Specifically, defendant points out that he had no prior adult record and that his disciplinary record at jail while awaiting sentencing was good. The Michigan Supreme Court has recently expanded the scope of appellate review of sentencing to allow for review of the trial court's exercise of discretion. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). We must now remand for resentencing where we find that the sentence imposed in a particular case shocks our judicial conscience.

After reviewing the transcripts and presentence report in the instant case, we do not find that the trial court abused its discretion in imposing a 10- to 15-year sentence on defendant.

Affirmed.