PEOPLE v BENSON

Docket No. 78957. Submitted February 12, 1985, at Lansing.—Decided
        April 11, 1985.

Richard A. Benson was convicted, on his plea of guilty, of three
        counts of uttering and publishing, Ingham Circuit Court,
        Thomas L. Brown, J. Defendant appealed, challenging the
        court's allocation of points, pursuant to the Michigan Sentenc-
        ing Guidelines, in determining the defendant's sentence. *Held:*

        1. Fraud Offense Variable 8, entitled "Professional/Organized
        Crime or Ring", does not apply only to the "criminal elite" or
        to a "dangerous criminal group" as asserted by defendant.
        Rather, the offense variable allows points to be scored where
        the offense is a part of a pattern of criminal activities over a
        period of time from which the defendant has derived a substan-
        tial portion of his income. Under the circumstances herein, the
        trial court did not err in allocating points under this offense
        variable.

        2. A trial court may consider the total amount of money
        involved in admitted but uncharged offenses or in charges
        which have been dismissed when sentencing a defendant in a
        fraud case to a sentence different from that recommended by
        the Michigan Sentencing Guidelines, but the court may not
        consider such amounts in assessing points for the conviction
        upon which the sentence is based.

        3. The sentence imposed did not shock the judicial conscience
        of the Court of Appeals.

        Affirmed.

1. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES —
        FRAUD.

    The Michigan Sentencing Guidelines allow a court to assess
        points, in determining a defendant's Offense Severity Level, for
        a fraud offense if the offense is part of a pattern of criminal
        activities over a period of time from which the offender has
        derived a substantial portion of his or her income (Michigan
        Sentencing Guidelines, Fraud Offense Variable 8).

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21A Am Jur 2d, Criminal Law § 525 *et seq.*

2. Criminal Law — Sentencing — Sentencing Guidelines —
   Fraud.

    A trial court may consider the total amount of money involved in
    admitted but uncharged offenses or in charges which have been
    dismissed when sentencing a defendant in a fraud case to a
    sentence different from that recommended by the Michigan
    Sentencing Guidelines, but the court may not consider such
    amounts in assessing points for the conviction upon which the
    sentence is based.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Susan L. LeDuc,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: D. E. Holbrook, Jr., P.J., and Allen and E. M. Thomas,* JJ.

Per Curiam. On February 8, 1984, defendant pled guilty to three counts of uttering and publishing, MCL 750.249; MSA 28.446. He was sentenced on March 21, 1984, to concurrent terms of from 7 to 14 years' incarceration. He appeals as of right challenging the allocation of points pursuant to the Michigan Sentencing Manual. We affirm.

At sentencing, defense counsel objected to the scoring of several of the offense variables. He explained his position and then, in turn, the court gave its rationale for the point scores. On appeal defendant challenges the scoring of Fraud Offense Variable 8, "Professional/Organized Crime or Ring", and Fraud Offense Variable 17, "Aggregate Value of Property Obtained, Damaged or Destroyed". No objection is made to the determina-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

tion of defendant's prior record level (F) or the scoring of the remaining offense variables (4 points total). If we uphold the trial court on either point allocation, the offense severity level remains at III and the sentence imposed will be within the recommended range.

We first consider defendant's challenge to O.V. 8. He claims that he is not a member of a professional crime ring and, therefore, zero points should have been awarded. He asserts that this variable applies only to the "criminal elite" or to a "dangerous criminal group". We disagree and find that the trial court properly interpreted and applied this variable. The instruction section for O.V. 8 clearly provides that four points should be scored "if the offense is part of a pattern of criminal activities over a period of time from which the offender has derived a substantial portion of his or her income". Thus, the application is broader than the construction urged by defendant.

The trial court awarded four points on the grounds that defendant had derived a substantial portion of his income from a check cashing and video rental scam by which he fraudulently obtained over $18,000, while his only other sources of income were general assistance, some part time jobs, and some support from his wife. The trial court based its assessment upon admissions of the defendant contained in the presentence report. At sentencing the trial court allowed both defendant and his attorney the opportunity to dispute, explain and clarify the facts underlying this point allocation. The facts upon which the judge based his decision were not challenged so much as were the conclusions he drew from those basically undisputed facts. Under such circumstances, we find no basis for this Court to interfere with the trial

court's discretionary assessment. Thus, four points were properly awarded under O.V. 8.

Given our resolution of that variable, a further review of the point allocation under O.V. 17 would be academic inasmuch as 8 points were properly awarded, thus placing defendant well within Offense Severity Level III. We only note that that variable pertains to the facts of the specific conviction for which defendant is being sentenced. Thus, the element of aggregate value involves the total value of property "obtained, damaged or destroyed" through that offense. Consideration of the total amount of money involved in admitted but uncharged offenses or dismissed charges may provide a basis for deviation from the recommended sentence range but should not be considered in assessing points for the individual conviction.

The guidelines do not rise to the level of criminal statutes and we find no reason to apply a vagueness analysis to the individual variables.

Although defendant only challenged the individual point allocation of the guideline variables, we have reviewed his sentence under the standard set forth in *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). We find no abuse of judicial discretion and our collective judicial conscience is not shocked by the 7- to 14-year sentences.

Affirmed.