PEOPLE v PURZYCKI

Docket No. 80212. Submitted December 20, 1984, at Lansing.—Decided May 20, 1985. Leave to appeal applied for.

Joseph E. Purzycki was convicted of second-degree criminal sexual conduct for touching his 10-year-old adopted daughter and sentenced to 6 to 15 years in prison, Cheboygan Circuit Court, Robert C. Livo, J. Defendant appealed, alleging that the court departed from the sentencing guidelines, that the same factors used to enhance the offense severity level were also used to justify departure from the sentencing guidelines and that the sentence is excessive. *Held:*

1. The sentencing guidelines became mandatory on March 1, 1984. Deviation from the guidelines is encouraged and permitted where the sentencing court articulates permissible reasons for departure from the guidelines on the record. The court articulated sufficient reason for its departure from the guidelines and stayed within the proper criteria in deviating from the recommended sentence.

2. A criminal defendant may request review of the exercise of a trial court's discretion in imposing sentence, but relief will be granted only where it is found that the trial court abused its discretion to the extent that the sentence shocks the conscience of the appellate court. The 6 to 15 year sentence did not shock the conscience of the Court of Appeals.

Affirmed.

1. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

The sentencing guidelines became mandatory on March 1, 1984; deviation from the guidelines is encouraged and permitted where the sentencing court articulates permissible reasons for departure from the guidelines on the record.

2. APPEAL — SENTENCING — CRIMINAL LAW.

A criminal defendant may request review of the exercise of a trial court's discretion in imposing sentence, but relief will be

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 525 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 528.

granted only where it is found that the trial court abused its discretion to the extent that the sentence shocks the conscience of the appellate court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph P. Kwiatkowski,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

*Lyon & Hackett* (by *Anthony M. Damiano),* for defendant.

Before: WAHLS, P.J., and D. E. HOLBROOK, JR., and C. A. WICKENS,* JJ.

D. E. HOLBROOK, JR., J. Defendant appeals as of right from his plea-based conviction for criminal sexual conduct in the second degree, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). Defendant was sentenced to 6 to 15 years imprisonment. This particular conviction was for the sexual touching of his 10-year-old adopted daughter. Information in the presentence report showed that defendant had been sexually involved with other children as well. On appeal defendant claims that the trial judge violated Administrative Order No 1984-1, 418 Mich lxxx (1984), which made the sentencing guidelines mandatory for those sentences imposed after March 1, 1984, and that his sentence is so excessive that this Court's conscience should be shocked.

While we agree that the sentencing guidelines are mandatory for those sentences imposed after March 1, 1984, this does not mean that they are etched in stone. Departures from the guidelines are encouraged and permitted as long as the trial judge has articulated permissible reasons for his deviation on the record.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"[T]he policy of this state favors individualized sentencing for every convicted defendant. The sentence must be tailored to fit the particular circumstances of the case and the defendant. *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973)." *People v Coles,* 417 Mich 523, 537; 339 NW2d 440 (1983).

"This Court noted in *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972), that the proper criteria for determining an appropriate sentence include: (1) the disciplining of the wrongdoer, (2) the protection of society, (3) the potential for reformation of the offender, and (4) the deterring of others from committing like offenses. This list is not exhaustive, and we do not purport to instruct the trial courts on every criterion which they must consider when imposing a sentence. However, we do now require that the trial court state on the record which criteria were considered and what reasons support the court's decision regarding the length and nature of punishment imposed." *Coles, supra,* p 550.

In the instant case the trial court articulated on the record its consideration of the above factors. We do not find any impermissible consideration such as race or economic status to have been utilized here. *Coles, supra,* p 545.

Additionally, defendant contends that each particular factor can only be used once and as these factors helped make his offense severity level become a III, they cannot now be used to enhance his punishment. There is no authority to sustain defendant's argument that all the factors must be weighed equally. Certainly some factors are more important than others. The sentencing guidelines are to be tools of the judge and are not to bind him irrevocably to a set sentence. Proper departures from the guidelines are encouraged. We feel the trial judge stayed within the proper criteria in his deviation from the recommended sentence and find no error.

Nor do we find defendant's claim that his sentence is excessive to be with merit. A 6 to 15 year sentence for performing sexual acts with his 10-year-old daughter does not shock our conscience. See *People v Gistover,* 131 Mich App 313, 315; 345 NW2d 703 (1984).

Accordingly, we affirm the trial judge's sentence. Affirmed.