PEOPLE v CLARK

Docket No. 84650. Submitted October 17, 1985, at Lansing.—Decided November 18, 1985. Leave to appeal applied for.

Defendant, Wheeler Clark, also known as Willie Clark, pled guilty on November 14, 1984, in the Saginaw Circuit Court to a charge of armed robbery. Pursuant to a plea agreement, the prosecutor agreed to recommend a prison term consistent with the sentencing guidelines. The trial court, Joseph R. McDonald, J., thereafter sentenced defendant to serve not less than three years nor more than six years in prison. Defendant appeals alleging that the trial court improperly calculated his status under the sentencing guidelines. *Held:*

1. The proper standard for the review of a sentence after the Supreme Court ordered the use of the guidelines remains the standard of "shocking the judicial conscience".

2. The Court of Appeals, in reviewing the scoring decisions which the trial court must make to arrive at the guidelines sentence, should not get bogged down in second-guessing the trial judge's mechanics in scoring the sentencing guidelines. Thus, the underlying factual findings which the sentencing judge may have to make must be upheld if there is any evidence to support them.

3. Resentencing of the defendant is unnecessary since the trial judge had adequate evidence to score defendant as he did under the sentencing guidelines.

Affirmed.

1. CRIMINAL LAW — APPEAL — SENTENCING — SENTENCING GUIDE-
LINES.

The standard of sentence review by the Court of Appeals of a sentence imposed after the Supreme Court ordered the use of the Michigan Sentencing Guidelines remains the standard of

REFERENCES

Am Jur 2d, Appeal and Error § 867.

Am Jur 2d, Criminal Law §§ 588 *et seq.*

Power of court to increase severity of unlawful sentence—modern status. 28 ALR4th 147.

Power of state court, during same term, to increase severity of lawful sentence—modern status. 26 ALR4th 905.

"shocking the judicial conscience" (Administrative Order No. 1984-1, 418 Mich lxxx).

2. Criminal Law — Appeal — Sentencing — Sentencing Guidelines.

The Court of Appeals, in reviewing the scoring decisions which the trial court must make to arrive at a Michigan Sentencing Guidelines' recommended sentence, should not get bogged down in second-guessing the trial judge's mechanics in scoring the sentencing guidelines; the underlying factual findings which the sentencing judge may have to make must be upheld if there is any evidence to support them.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Christopher S. Boyd,* Prosecuting Attorney, and *Kay F. Pearson,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg),* for defendant on appeal.

Before: V. J. Brennan, P.J., and Beasley and J. P. Noecker,* JJ.

Beasley, J. On November 14, 1984, defendant, Wheeler Clark, pled guilty to a charge of armed robbery, in violation of MCL 750.529; MSA 28.797. Pursuant to a plea agreement, the prosecutor agreed to recommend a prison term consistent with the sentencing guidelines. On January 9, 1985, defendant was sentenced to serve not less than three years nor more than six years in prison. Defendant appeals as of right.

On appeal, defendant argues that the trial court improperly calculated his status under the sentencing guidelines. Specifically, defendant asserts that the trial judge improperly scored two factors in the offense variable portion of the guideline scoring.

* Circuit judge, sitting on the Court of Appeals by assignment.

First, the trial judge assigned three points to defendant, as recommended by the guidelines, for "carrying away or holding captive his victim". Defendant claims that the trial judge should have assigned him zero points for this factor, since the carrying away of his victim in this case did not amount to asportation under Michigan kidnapping law. The guidelines specifically state that if the carrying away of the victim does not amount to asportation the defendant should be assigned a score of zero on this factor.

Second, the trial judge assigned two points to defendant, as recommended by the guidelines, for his being involved in "three or more contemporaneous criminal acts". Defendant claims that the trial judge should have assigned him one point for this factor, since there was evidence of only two contemporaneous criminal acts.

The second adjustment argued for by defendant would not, alone, alter the sentencing guidelines recommendation of a minimum sentence of from three to six years. However, if either the first adjustment noted by defendant is made, or both adjustments are made, the minimum sentence recommendation under the guidelines would be lowered to from one and one-half to two years.

Initially, in reviewing the trial judge's calculation of the sentencing guidelines recommendation, it is important to ascertain the proper standard of appellate review in light of the purpose of the Michigan Sentencing Guidelines. The Michigan Supreme Court ordered that use of the sentencing guidelines was mandatory for sentences imposed during the year following March 1, 1984.[1] But, the administrative order and the decisions in this Court reviewing application of the order in the

[1] Administrative Order No. 1984-1, 418 Mich lxxx.

trial courts make it clear that trial judges can depart from the guidelines recommendations as long as they state proper reasons on the record.[2]

In *People v Ridley*,[3] this Court, citing the departure policy in the statement of purpose of the sentencing guidelines, stated that departures from the guidelines recommendations are invited and encouraged. As the Supreme Court order expressly states, the reason the order requires use of the guidelines is in order to provide data for later evaluation and revision of the sentencing guidelines. It is clear that the sentencing guidelines, at this stage of development, are certainly not etched in stone and revisions may be anticipated.

Support for this conclusion is clearly provided in the "Report of the Michigan Felony Sentencing Project" (July, 1979), which provided the basic statistical studies that underlie the Michigan Sentencing Guidelines. The report indicates that a very limited data base was used in compiling the raw data for eventual development of the guidelines. A sample of 6,000 felony sentencing cases, all from the year 1977, was used. These 6,000 cases came from trial courts throughout the entire state (except for one county that reported no felony sentences in 1977). However, the sample was not a random sample, but was geographically weighted in order to give adequate representation to "rural-type" county sentencing decisions.[4]

Due to this narrow, one-year sample of sentencing cases, the sentence review committee established by the Supreme Court to study implementation of the guidelines concluded that an experi-

---

[2] See *People v Purzycki,* 143 Mich App 108; 371 NW2d 490 (1985); *People v Ridley,* 142 Mich App 129; 369 NW2d 499 (1985).

[3] *Ridley, supra.*

[4] Sentencing in Michigan, Report of the Michigan Felony Sentencing Project, pp 59-61 (July, 1979).

mental stage for use of the guidelines was necessary. This experimental stage would require trial judges to use the guidelines, but would allow departures based on judicial discretion. The reason for the experimental stage would be to allow for revision of the sentencing guidelines recommendations. The committee advised the Supreme Court that it was necessary to add the views of current trial judges in current felony sentencing decisions to the 1977 sample base before even considering whether to make mandatory the guideline ranges themselves.[5]

The Supreme Court administrative order began the experimental stage of application of the sentencing guidelines. The sentence review committee report went on to address the appropriate standard of appellate review during this experimental stage and stated:

*"Coerciveness of Appellate Review During Experimental Period.* In the preceding section the thought was expressed that, although use of the guidelines *procedure* should be mandatory for all sentencing judges during a two-year experimental period, it would be a serious mistake to require the judges to conform with the guideline sentence ranges before they had some experience with the procedure and some opportunity for input in the determination of the appropriate sentence ranges for various categories of crime." Sentence Review Committee Report and Recommendation, p 22 (July, 1982).

The committee report went on to state that, even if the guidelines recommendations are made

[5] Sentence Review Committee Report and Recommendation, pp 19-25 (July, 1982). For example, a significant number of trial judges believe the sentencing guideline recommendation for armed robbery is too light. It may be necessary to formalize a procedure whereby the trial judge will get more input into the sentencing guidelines data base.

mandatory, trial courts should be allowed to depart from them if proper reasons are stated on the record. Appellate review of departures from the sentencing guidelines should be very limited:

"*Standard For Review.* The intention of the committee is to recommend only a very limited review of sentence in the Court of Appeals. The court should not substitute its judgment for that of the trial judge in determining the appropriateness of the reason given for deviation from the guideline and should reverse only when the reason is very clearly devoid of any validity. It is the contemplation of the committee that mandatory use of the guidelines system in imposing sentences will, in itself, eliminate most of the serious inequitites in the indeterminate sentence process and thus obviate to a great extent the necessity for appellate review of sentences." Sentence Review Committee Report and Recommendation, pp 29-30 (July, 1982).

Thus, as this Court has consistently held, the proper standard of sentence review after the ordered use of the guidelines remains the "shocking the judicial conscience" standard enunciated in *People v Coles.*[6]

Specifically addressing the issue that faces this Court in the within case, the sentence review committee report states:

"Thought must also be given to the question of how to respond when the parties request the Court of Appeals to review the scoring decisions which the trial court must make to arrive at the guideline sentence. The committee believes that it is absolutely crucial that the Court of Appeals never get bogged down in a close review of these many scoring decisions. The committee therefore believes very strongly that the underlying factual findings which the sentencing judge may have to make must be upheld if there is any evidence to

_____
[6] 417 Mich 523; 339 NW2d 440 (1983).

support them." Sentence Review Committee Report and Recommendation, p 30 (July, 1982).

We agree with the sentence review committee report and refuse to get bogged down in second-guessing the trial judge's mechanics in scoring the sentencing guidelines. In the within case, the trial judge had evidence to support his scoring of three points for defendant's "carrying away or holding captive is victim". Thus, no adjustment of the trial judge's calculation of the guideline recommendation as it relates to defendant under his armed robbery conviction is necessary.

It should be noted that this case is distinguishable from the recent decision of *People v Love*,[7] where the prosecutor admitted that there had been a scoring error in the trial court. In that case, this Court went through the guidelines scoring procedure in more detail. But, there was no such admission of error in this case. As noted above, this Court will not get bogged down in second-guessing the detailed calculations under the sentencing guidelines. In the overwhelming majority of cases, review of the sentencing guideline calculation should be perfunctory. Only in the very extreme case should there be any appellate review. Since here the trial judge had adequate evidence to score defendant as he did under the sentencing guidelines, resentencing of defendant is unnecessary.

Affirmed.

---

[7] 144 Mich App 374; 375 NW2d 752 (1985).