PEOPLE v GREEN

Docket No. 85353. Submitted February 11, 1986, at Grand Rapids. Decided May 20, 1986. Leave to appeal denied, 426 Mich 859.

Defendant, Richard H. Green, was convicted on his plea of guilty of voluntary manslaughter, Kent Circuit Court, George V. Boucher, J., and was sentenced to from eight to fifteen years in prison. Defendant appealed, claiming that the circuit court was obligated to respond to alleged inaccuracies in assessing points under the Sentencing Guidelines. *Held:*

1. The adoption of the Sentencing Guidelines by the Supreme Court conferred no substantive rights to defendants. The guidelines serve merely as a tool for the trial judge in the exercise of his sentencing discretion. A sentencing judge need not review a defendant's allegations of scoring inaccuracies under the guidelines in the same manner as he reviews inaccuracies in a presentence report.

2. In this case, there was some evidence to support all the scoring decisions of the circuit court, including the decision not to consider any mitigating variables after drawing reasonable inferences from the evidence in the preliminary examination record.

3. The sentence imposed did not shock the judicial conscience of the Court of Appeals.

Affirmed.

1. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

The adoption of the Sentencing Guidelines by the Supreme Court did not give substantive rights to defendants.

2. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — APPEAL.

A trial court's scoring of points for offense variables to arrive at a Michigan Sentencing Guidelines' recommended sentence for a defendant will be upheld on appeal if there is any evidence that supports such scoring; accordingly, evidence contained in

REFERENCES

Am Jur 2d, Criminal Law §§ 525-587.

Power of state court, during same term, to increase severity of lawful sentence—modern status. 26 ALR4th 905.

the record of defendant's preliminary examination may be used to support the trial court's scoring of offense variables.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Catchick & Dodge* (by *David A. Dodge*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and SHEPHERD and D. A. ROBERSON,* JJ.

PER CURIAM. Defendant pled guilty to voluntary manslaughter, MCL 750.321; MSA 28.553, pursuant to a plea agreement to dismiss a count of second-degree murder. In calculating the variables for the Sentencing Guidelines grid, the trial court assessed points for intent to kill or injure and exploitation of the victim's vulnerability, and refused to consider the mitigation variable for avoiding harm, provocation/passion, and mistake/inadvertance. Under the defendant's proposed scoring, the Sentencing Guidelines would provide for a minimum sentence of twelve to forty-eight months. The trial court's scoring resulted in a minimum of sixty to ninety-six months. Defendant was sentenced to serve eight to fifteen years in prison.

Though the defendant states his first issue on appeal as being whether the trial court is obligated to respond to alleged inaccuracies in the Sentencing Information Report, we note that the trial court did in fact respond to the alleged inaccuracies raised by defense counsel. The argument more properly phrased appears to be whether the trial court must review the alleged inaccuracies in

* Recorder's court judge, sitting on the Court of Appeals by assignment.

the same manner as inaccuracies in a presentence report,[1] or whether the court may draw reasonable inferences from evidence contained in the record of the preliminary examination, as was done by the trial court in the present case. We conclude that the trial court did not err by resolving the dispute in this manner.

Presentence reports are required by statute, MCL 771.14; MSA 28.1144, and review by the trial court of alleged inaccuracies in them is required under both the statute and MCR 6.101(K). The Sentencing Guidelines, however, were promulgated under Administrative Order No. 1984-1, 418 Mich lxxx. The guidelines are to serve merely as a tool for the trial judge in the exercise of his sentencing discretion. *People v McLeod,* 143 Mich App 262; 372 NW2d 526 (1985). See, also, Statement of Purpose, Michigan Sentencing Guidelines Manual. The adoption of the Sentencing Guidelines by the Supreme Court did not give substantive rights to the defendant.

We conclude that a trial court's scoring of points for offense variables will be upheld if there is any evidence that supports that scoring. *People v Clark,* 147 Mich App 237; 382 NW2d 759 (1985). Accordingly, evidence contained in the preliminary examination record may be used to support the trial court's scoring of offense variables. Since there was some evidence to support all the scoring decisions of the trial court, the recommended sentencing range as calculated by the trial court withstands our limited appellate review.

Defendant finally asserts that the sentence imposed should shock the judicial conscience of this

---

[1] When confronted with alleged inaccuracies in the presentence report, the trial court must 1) hold an evidentiary hearing on the contested information, 2) accept the defendant's version of the facts, or 3) ignore the alleged inaccurate information. *People v Gray,* 125 Mich App 482, 487; 336 NW2d 491 (1983).

Court under *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). The sentence imposed was within the guideline range. We conclude that it does not shock our judicial conscience.

Affirmed.