PEOPLE v TARKET

Docket No. 92593. Submitted September 14, 1987, at Lansing. Decided January 19, 1988.

Dale A. Tarket was convicted on his plea of guilty of second-degree criminal sexual conduct and sentenced to serve a minimum of not less than four years and a maximum of not less than fifteen years in prison, Charlevoix Circuit Court, Richard M. Pajtas, J. Defendant appealed, claiming that the trial judge erred in computing his sentence under the sentencing guidelines.

The Court of Appeals *held:*

Defendant had not admitted vaginal penetration of the victim and it was error for the trial judge to assess points for vaginal penetration when computing the sentence. The sentence is vacated, and the case remanded for resentencing. The trial judge, should the sentence on remand exceed the range recommended by the sentencing guidelines, must state both on the record and in the Sentencing Information Report his reasons for departing from the guidelines.

Sentence vacated and case remanded for resentencing.

M. J. KELLY, P.J., dissented. He would hold that defendant has not preserved the sentencing issue for appellate review, having neither raised the issue at the trial court level nor filed a timely motion to remand in the Court of Appeals. Judge KELLY would affirm.

RAPE — SENTENCING GUIDELINES — CRIMINAL SEXUAL CONDUCT.

A sentencing court, when assessing points in determining the offense severity level of a defendant convicted of criminal

REFERENCES

Am Jur 2d, Criminal Law §§ 535, 537, 538.

Am Jur 2d, Rape §§ 114, 115.

Power of state court, during same term, to increase severity of lawful sentence—modern status. 26 ALR4th 905.

What constitutes penetration in prosecution for rape or statutory rape. 76 ALR3d 163.

Comment Note—Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.

sexual conduct, may not assess points for vaginal penetration of the victim where penetration was neither proven at trial nor admitted by the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Kraag C. Lieberman,* Prosecuting Attorney, for the people.

*Mark M. Muniak,* for defendant.

Before: M. J. KELLY, P.J., and CYNAR and DOCTO-ROFF, JJ.

CYNAR, J. Defendant was charged with criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2). As a result of a plea-bargain agreement, on September 24, 1985, defendant pled guilty to second-degree CSC, MCL 750.520c; MSA 28.788(3). Defendant was sentenced to serve a minimum sentence of not less than four years and a maximum sentence of not less than fifteen years. We reverse.

Through the Department of Social Services, the Charlevoix County Sheriff's Department was made aware of both the victim's description of criminal sexual conduct between her and the defendant, and an admission by the defendant to a social worker that he had been involved in sexual contact on a "touching basis" with the victim.

A preliminary examination was conducted on June 18, 1985, resulting in a bindover for CSC I. The arraignment took place on July 8, 1985, at which time a not guilty plea was entered to the CSC I charge. A short time later, defendant pled guilty to CSC II.

Sentencing took place on October 14, 1985. Defendant's sentence was based on information contained in the presentence report prepared by the circuit court probation officer. The sentencing

guidelines range came to twenty-four to forty-eight months. The minimum sentence imposed (four years) fell within the guidelines as computed. Defendant contends and the people do not dispute that, while the defense attorney did review the presentence report, opportunity was not afforded to review the guideline range computation included on the Sentencing Information Report.

Defendant argues that there was improper offense variable scoring on the SIR because the defendant was assessed three "offense variable points" in category "O.V. 12" representing vaginal penetration of the victim. As a result of the three points, the total "offense score" came to nine points, placing defendant in Offense Severity Level III, instead of II. Had defendant's offense score been properly computed, the guidelines recommended range would have been zero to thirty-six months. Thus, defendant argues that he is entitled to re-sentencing. We agree.

In *People v Benson,* 142 Mich App 720; 370 NW2d 16 (1985), this Court was called upon to determine whether the sentencing court erred in awarding certain points on the SIR. After reviewing the trial court's procedure for scoring, this Court stated:

> The trial court based its assessment upon admissions of the defendant contained in the presentence report. At sentencing the trial court allowed both defendant and his attorney the opportunity to dispute, explain and clarify the facts underlying this point allocation. The facts upon which the judge based his decision were not challenged so much as were the conclusions he drew from those basically undisputed facts. Under such circumstances, we find no basis for this Court to interfere with the trial court's discretionary assessment. Thus, four points were properly awarded under O.V. 8. [*Benson, supra,* pp 722-723.]

In addition, the *Benson* Court indicated that consideration of the money involved in admitted but uncharged offenses or dismissed charges may provide a basis for deviation from the recommended sentence range but should not be considered in assessing points for the individual conviction. *Id.,* p 723.

We further note that some panels have concluded that a sentencing court may consider a defendant's admissions and even separate criminal activity for which no conviction resulted, provided the defendant is given an opportunity to refute the facts or charges. See *People v Wiggins,* 151 Mich App 622, 625; 390 NW2d 740 (1986). In *Wiggins, supra,* defendant had agreed that the factual basis for his nolo contendere plea could be established by use of the preliminary examination transcript. In addition, the presentence report indicated that defendant had *admitted* all the charges against him and was given an opportunity to object to the contents of the presentence report. *Id.,* pp 624-625. See also *People v Clark,* 147 Mich App 237, 243; 382 NW2d 759 (1985); *People v Butts,* 144 Mich App 637, 640; 376 NW2d 176 (1985).

Consistent with this principle, the sentencing guidelines instructions direct the trial court to consider admitted or proven facts in calculating the guidelines score even though the facts are inconsistent with the offense for which the defendant is convicted:

II. Scoring a Conviction
A. Basic Considerations

\* \* \*

3. Where the facts are proven or acknowledged and are not consistent with the conviction offense (e.g., use of a weapon coupled with a conviction for unarmed robbery), the actual facts are still to be applied in scoring the appropriate variables.

In our case, defendant never admitted to penetration. While the victim indicated that there had been sexual intercourse, defendant only admitted to touching. Thus, it was error for the sentencing court to assess three points on the o.v. for penetration. Hence, resentencing is required.

Defendant's sentence is vacated and the case is remanded to the trial court for resentencing. Our holding conflicts with the position taken by a panel of this Court in *People v Green,* 152 Mich App 16; 391 NW2d 507 (1986), lv den 426 Mich 859 (1986), in which that panel held that evidence contained in the preliminary examination record may be used to support the trial court's scoring of offense variables. Our disagreement is based on the facts in this case and the guidelines instructions for scoring which permit a trial court to augment the scoring only with proven or admitted facts. Here, defendant never admitted to penetration. In this case, allowing the sentencing court to use the preliminary examination testimony would mean that, although defendant pleaded guilty to CSC II, he was sentenced for the crime of CSC I. While we concur with the *Clark, supra,* principle that this Court should not become entangled in second-guessing the trial judge's mechanics in scoring the sentencing guidelines, in our case, the facts clearly did not permit the court to assess the three points on the o.v. for penetration.

If, on remand, defendant is sentenced outside the recommended guidelines range, the trial court should state both on the record and on the SIR its reasons for departure. *People v Fleming,* 428 Mich 408; 410 NW2d 266 (1987).

Sentence vacated and the case remanded for resentencing. We do not retain jurisdiction.

DOCTOROFF, J., concurred.

M. J. Kelly, P.J. *(dissenting)*. I respectfully dissent.

I am uncertain of the accuracy of the appellant's premise: If Offense Variable 12 were differently scored, and if the trial court assessed some lower number of points resulting in a different total "offense score," the guidelines recommended range would have been reduced from the twenty-four to forty-eight months actually scored to a score of zero to thirty-six months. The prosecutor does not concede these computations. The prosecutor says that the defendant acquiesced in the contents of the presentence report and by doing so endorsed by silence the allegation of vaginal penetration set forth in the report. I do not think we should be involved in reviewing sentence guidelines calculations. *People v Clark,* 147 Mich App 237; 382 NW2d 759 (1985). Defendants often choose to avoid a fight they would lose on the floor of the sentencing court only to answer the bell in the Court of Appeals when appellate counsel ferrets through the record for inconsistencies and discrepancies with which to construct error. This is such a case.

After defendant's plea to second-degree criminal sexual conduct he was sentenced on October 14, 1985. On May 16, 1986, a timely claim of appeal was filed by court-appointed counsel. Substitute counsel was appointed on June 11, 1986, and filed a technically timely motion to remand on July 30, 1986. That motion was denied by this Court on September 24, 1986, without prejudice to filing a second motion to be supported by specific allegations of inaccuracies in the presentence report, and without prejudice to defendant's right to seek certification of resentencing in the trial court.

Thereafter, on October 30, 1986, defendant filed another motion to remand which was not timely. We declined to remand, probably on the authority

of *People v Green,* 152 Mich App 16; 391 NW2d 507 (1986), lv den 426 Mich 859 (1986), which held that a trial court's scoring of points for offense variables will be upheld if there is any evidence that supports that scoring. Now the majority certifies a conflict with *People v Green.* I frankly do not think that the defendant wanted a contested hearing in the sentencing court to determine the presentence representation of penetration because the victim testified emphatically at the preliminary examination in this case that defendant had sexually penetrated her frequently from the time she was 9½ years old until the time that she was eleven years old. Perhaps defendant and his counsel did not want to refresh the memory of the sentencing judge with that doleful information. Under the circumstances, defendant got a lenient sentence and I surmise that he and trial counsel were contented if not jubilant. I would not give him any relief in this Court on such picayune considerations as scoring of sentence guidelines that could have and should have been attended to in the trial court.

> A defendant who wishes to challenge the scoring of the sentencing guidelines must offer this challenge to the sentencing judge before raising the issue on appeal. To preserve the issue, defendant must bring it to the attention of the trial court at sentencing, by a properly filed motion within the time period for filing a motion for new trial, or by a timely filed motion to remand in the Court of Appeals. MCR 7.211(C)(1). [*People v Walker,* 428 Mich 261, 266; 407 NW2d 367 (1987).]

I would follow *Walker* and affirm.