## PEOPLE v RICHARDSON

Docket No. 94446. Submitted April 14, 1987, at Detroit. Decided July 21, 1987.

Ronnie Richardson was convicted on his plea of guilty of armed robbery in Recorder's Court of Detroit, Lawrence D. Silverman, J. Defendant was sentenced to a prison term of from nine to twenty years. Defendant appealed. On appeal the defendant claimed that the trial court improperly scored and applied the sentencing guidelines, that his sentence was so severe that it should shock the judicial conscience, and that he was denied effective assistance of counsel at his sentencing.

The Court of Appeals *held:*

1. The Court of Appeals should not substitute its judgment for that of the trial court as to the appropriateness of scoring and application of the sentencing guidelines where there is any evidence to support the decision of the trial court. The record supports the trial court's application of and deviation from the sentencing guidelines.

2. The sentence imposed does not shock the judicial conscience of the Court of Appeals.

3. Defendant's claim of ineffective assistance of counsel at sentencing is not persuasive.

Affirmed.

CRIMINAL LAW — APPEAL — SENTENCING — SENTENCING GUIDELINES.

The Court of Appeals, in reviewing the scoring decisions which the trial court must make to arrive at a recommended sentence pursuant to the sentencing guidelines, should not get bogged down in second-guessing the trial judge's mechanics in scoring the sentencing guidelines; the underlying factual findings which the sentencing judge may have to make must be upheld if there is any evidence to support them.

REFERENCES

Am Jur 2d, Appeal and Error § 867

Am Jur 2d, Criminal Law §§ 596 *et seq.*

See the annotations in the Index to Annotations under Appeal and Error.

See the annotations in the Index to Annotations under Sentence and Punishment.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief of the Criminal Division Research, Training and Appeals, for the people.

*Elizabeth L. Jacobs,* for defendant.

Before: J. H. GILLIS, P.J., and BEASLEY and SAW-YER, JJ.

BEASLEY, J. Defendant, Ronnie Richardson, pled guilty to armed robbery, contrary to MCL 750.529; MSA 28.797. Defendant was sentenced to serve not less than nine nor more than twenty years in prison. He now appeals as of right, raising two issues.

Defendant claims that the trial court abused its discretion in sentencing him in three ways: first, that the sentence contravened the individualized sentencing policy of the state; second, that defendant was sentenced on the basis of inaccurate guidelines; and third, that his sentence was of a severity that should shock the judicial conscience. These claims are without merit.

The claim that the sentence was not individualized and the claim that the sentence was based upon an inaccurate scoring of the guidelines fall within the same category: that is, an attack upon the scoring and application of the guidelines. On appeal, we first look to the standard of appellate review to be applied with respect to the guidelines. In *People v Clark,*[1] we pointed out that the standard for review was carefully set forth in the recommendations of the committee and expressly provided for "a very limited review" of sentences in the Court of Appeals. The Sentence Review

---

[1] 147 Mich App 237; 382 NW2d 759 (1985), lv den 425 Mich 858 (1986).

Committee specifically dealt with this subject, saying:

> Thought must also be given to the question of how to respond when the parties request the Court of Appeals to review the scoring decisions which the trial court must make to arrive at the guideline sentence. The committee believes that it is absolutely crucial that the Court of Appeals never get bogged down in a close review of these many scoring decisions. The committee therefore believes very strongly that the underlying factual findings which the sentencing judge may have to make must be upheld if there is any evidence to support them.[2]

Thus, it is altogether clear that we should not substitute our judgment for that of the trial judge in determining the appropriateness of reasons given for deviation from the guidelines.[3] As we continue along the path of appellate review of sentences, it is important that we not depart from the commendable objectives that gave rise to appellate review of sentences and stray into a bureaucratic morass that reduces the flesh and blood aspect of a prison sentence into a kind of paper shuffling.

In the within case, the trial judge made clear the way that he computed the guideline factors and his reasons for the procedure that he followed. Review of that procedure does not lead to any shocking of the judicial conscience, and, after all, the essential test of whether the judicial conscience is shocked remains. Furthermore, in this case, defendant did not file in the trial court a motion subsequent to sentencing to test his claim that the guidelines were improperly calculated.

---

[2] Sentence Review Committee Report and Recommendation, p 30 (July, 1982).

[3] *Clark, supra,* p 242; Sentence Review Committee Report and Recommendation, pp 29-30 (July, 1982).

Failure to file such a motion in the trial court precludes review on appeal of this type of issue.[4]

In sentencing defendant, the trial court explained its reason for exceeding the guidelines, pointing out, among other things, that at the time of this offense defendant was on probation for unarmed robbery. We are satisfied that the explanation was adequate, and our judicial conscience is not shocked by the sentence that was imposed.[5]

Defendant also claims on appeal that he was denied effective assistance of counsel, apparently for the reason that his attorney allegedly did not sufficiently object to the offense variable level arrived at by the trial court. We do not agree. Defendant's failures to convince on appeal are not caused by defects in defendant's representation in the trial court. We find this claim to be without merit.

Affirmed.

[4] *People v Walker,* 428 Mich 261; 407 NW2d 367 (1987).
[5] *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).