PEOPLE v REDDISH

Docket Nos. 104580, 104801. Submitted March 13, 1989, at Lansing.
Decided August 10, 1989.

Earl Russell Reddish was convicted by an Eaton Circuit Court
jury of possession with intent to deliver less than fifty grams of
cocaine. Defendant also pled nolo contendere to a charge of
attempted delivery of less than fifty grams of cocaine in ex-
change for the dismissal of three counts of possession with
intent to deliver less than fifty grams of cocaine. The court,
Richard M. Shuster, J., departed from the sentencing guidelines
in imposing concurrent prison terms of 160 to 240 months for
the possession conviction and forty to sixty months for the
attempted delivery conviction. Defendant appealed each convic-
tion separately.

The Court of Appeals consolidated the appeals and *held:*

1. The delay of 214 days between defendant's arrest and the
date of the earliest possession offense with which he was
originally charged resulted in no prejudice to defendant. Con-
trary to defendant's claim, the delay neither hampered his
recollection of events nor prevented him from presenting an
alibi defense.

2. The trial court, in sentencing defendant, erred in the
scoring of several offense variables under the sentencing guide-
lines. A remand is therefore necessary for a resentencing.

3. The sentences imposed, which were the maximum allowed
by law, are shocking to the conscience of the Court of Appeals
and they do not appear to have been tailored to the circum-
stances of defendant, a first-time offender. The trial court
abused its discretion at sentencing.

Remanded for resentencing.

1. CRIMINAL LAW — DUE PROCESS — SPEEDY TRIAL.

The prosecutor, where there has been a delay between an alleged
criminal transaction and the arrest of a defendant and where

REFERENCES

Am Jur 2d, Criminal Law §§ 539, 552, 856.

Review for excessiveness of sentence in narcotics case. 55 ALR3d
812.

the defendant has shown some prejudice as a result of the delay, bears the burden of persuading the court that the reason for the delay is sufficient to justify whatever prejudice resulted.

2. CRIMINAL LAW — SENTENCING GUIDELINES — OFFENSE VARIABLES.

A sentencing judge has discretion in determining the number of points scored for the sentencing guidelines' offense variables provided there is evidence on the record adequately supporting a particular score.

3. CRIMINAL LAW — SENTENCING.

A sentence must be tailored to fit the particular individual on whom it is imposed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *G. Michael Hocking,* Prosecuting Attorney, and *Michael C. Eagen,* Assistant Prosecuting Attorney, for the people.

*Gary E. Parker* and *H. Eugene Bennett,* for defendant.

Before: DOCTOROFF, P.J., and MAHER and MARILYN KELLY, JJ.

PER CURIAM. Defendant, Earl Reddish, was originally charged with four counts of possession with intent to deliver less than fifty grams of cocaine. MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). On May 29, 1987, following a jury trial, he was convicted of one count (Docket No. 104580). He then entered a plea of nolo contendere to a count of attempted delivery of less than fifty grams of cocaine (Docket No. 104801). MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). By agreement, the remaining charges were dismissed. Defendant was sentenced to imprisonment for 160 to 240 months on the possession conviction and forty to sixty months on the attempted delivery conviction, to be served concurrently. The sentencing court exceeded the recommended minimum

guidelines and imposed the maximum penalty in both sentences. Defendant appeals the convictions and the sentences as of right. We affirm the convictions but remand for resentencing.

Initially defendant claims he was denied due process by the delay between the offenses and the arrest. The delay was 214 days from the first possession offense to the date of arrest.

The threshold test for determining whether a delay constitutes a denial of due process is whether the defendant suffered prejudice. *People v Bisard,* 114 Mich App 784, 791; 319 NW2d 670 (1982). See also *People v Loyer,* 169 Mich App 105, 118-119; 425 NW2d 714 (1988), *People v Shelson,* 150 Mich App 718, 726; 389 NW2d 159 (1986), lv den 426 Mich 862 (1986), and *People v Vargo,* 139 Mich App 573, 579; 362 NW2d 840 (1984). Once the defendant has shown prejudice, the burden of persuasion shifts to the prosecution to show that the reasons for delay were sufficient to justify the prejudice. *Bisard, supra,* p 791.

Defendant claims the prejudice to him lay in the delay which made it impossible for him to remember specific events which occurred on the dates in question. Also, he claims, alibi witnesses left the state and disappeared.

However, the facts show that defendant denied ever seeing the undercover officer to whom he made the drug sales. He also denied knowledge of any sale of cocaine on any date. Therefore, it is unlikely that his recollection of the events of a specific date would be helpful. Further, defendant's claim of loss of alibi witnesses is without merit. He did not know the names of most of his alleged witnesses and was not even sure if they had seen him on the dates in question. In addition, defendant's girlfriend, brother and former roommate

were available as alibi witnesses. We conclude that he was not prejudiced by delay in his arrest.

Next defendant claims that the trial court improperly scored three offense variables (ovs) on his Sentencing Information Report.

Appellate review of guidelines calculations is very limited. *People v Richardson,* 162 Mich App 15, 16; 412 NW2d 227 (1987). A sentencing judge has discretion in determining the number of points to be scored provided that evidence exists adequate to support a particular score. *People v Day,* 169 Mich App 516, 517; 426 NW2d 415 (1988). The Sentence Review Committee strongly recommends that this Court uphold scoring decisions for which any support exists. *Richardson, supra,* pp 16-17. However, if the established facts clearly do not permit the trial court's scoring to stand, this Court will intervene. *People v Tarket,* 165 Mich App 650; 419 NW2d 41 (1988).

### 1. OV 8, PROFESSIONAL/ORGANIZED CRIME OR RING

Defendant was assessed four points for offense variable 8, indicating he is a member of a professional or organized crime ring. When he objected to the scoring, the trial court stated its belief that anyone who deals in drugs is a member of organized crime. This ruling is clearly erroneous.

There is no evidence on the record indicating defendant was a member of organized crime. A determination that all drug dealers are part of organized crime is indefensible. This theory would make the use of ov 8, as written, unnecessary in any drug offense other than those involving use alone. The fact this variable must be scored for this crime indicates an intent that more than dealing drugs is required to make one a member of organized crime. Without additional evidence, defendant's score should be zero.

## 2. OV 9, OFFENDER'S ROLE

Defendant was assessed two points under offense variable 9, indicating he was an active participant in a multiple-offender situation. Again, the trial court upheld the scoring on this variable in the belief that all drug dealers are part of organized crime, being that they must be supplied with drugs.

No evidence was presented to support the implication that defendant acted in concert with others to commit the crimes of which he was convicted. As the trial court noted, defendant must have obtained his drugs from a supplier. However, he was not convicted of buying cocaine or of conspiracy as a part of a drug network. He was convicted of delivery or possession with intent to deliver less than fifty grams of cocaine, and the attempted delivery of less than fifty grams of cocaine. The evidence shows that he acted alone while perpetrating these crimes. Again we note that if one were to accept the trial court's theory, it would be unnecessary to score this variable. The maximum score would be automatic. It is not. On remand defendant should be assessed one point indicating he acted alone.

### 3. OV 25, CONTEMPORANEOUS CRIMINAL ACTS

The instructions for offense variable 25 provide:

O.V. 25 CONTEMPORANEOUS CRIMINAL ACTS
2= three or more contemporaneous criminal acts
1= two contemporaneous criminal acts
0= none or one contemporaneous criminal act
Instructions:
A. Criminal acts mean other offenses, excluding cognate and lesser included offenses, not denied by

the defendant, and which have not and will not result in separate convictions.

B. Contemporaneous criminal acts mean: (1) any criminal acts, as defined above, occurring within 24 hours of the offense upon which the defendant is being sentenced, or (2) criminal acts, as defined above, which are identical to or similar in nature to the offense upon which the offender is being sentenced, and which occur within six months of the instant offense.

Defendant was assessed two points, because the court concluded that he committed three or more contemporaneous criminal acts. He challenges this scoring, because the judge used preliminary-examination testimony to establish two of the three acts. These two acts were the charges which were dismissed as part of the plea agreement. The preliminary-examination testimony was the only evidence of them.

The court was justified in using preliminary-examination testimony to conclude the two dismissed charges were contemporaneous criminal acts. See *People v Green,* 152 Mich App 16; 391 NW2d 507 (1986), lv den 426 Mich 859 (1986), *People v Fleming,* 428 Mich 408, 418; 410 NW2d 266 (1987), and *People v Phelon,* 173 Mich App 157; 433 NW2d 384 (1988). However, defendant was still improperly assessed two points, because two of the four original charges resulted in convictions and cannot be included. (Instruction A.) Therefore, two not three criminal acts remain for the purpose of ov 25. On remand the ov for these contemporaneous criminal acts should reflect a score of one.

Finally defendant claims that his sentences of 13⅓ to 20 years and 3⅓ to 5 years, reflecting the maximum penalty allowed, should shock our judicial conscience. They do.

The trial court far exceeded the minimum guidelines of twelve to twenty-four months (or six to twelve months when the ovs are recalculated). In departing from the guidelines the judge focused on the great harm drugs cause in our society. He stressed that defendant was a drug dealer, not merely a user. He made clear his intent to send a message to other drug dealers through the sentencing of defendant.

We are aware of the tragedy that drugs cause daily in our society. We acknowledge, also, that it was proper for the trial court to consider the protection of society and the deterrence of others in formulating defendant's sentences. *People v Fleming,* 428 Mich 408; 410 NW2d 266 (1987). However, the court had an additional obligation to tailor the sentences to this particular individual. *People v Coles,* 417 Mich 523, 537; 339 NW2d 440 (1983). Defendant had no prior criminal record and a good community record.

While the trial court had valid reasons for exceeding the guidelines, it abused its discretion when ordering the maximum permissible under the law. Defendant, a first-time offender, should not be made an example or the bearer of a message to all individuals involved in drugs. In so doing, the trial court abused its discretion. The sentences given defendant shock our judicial conscience. *Coles, supra,* p 550. We vacate them and remand for resentencing before a different judge.

Remanded for resentencing consistent with this opinion. This Court does not retain jurisdiction.