PEOPLE v RANDOLPH WARNER

Docket No. 129719. Submitted May 14, 1991, at Grand Rapids. Decided June 18, 1991, at 9:15 A.M.

Randolph Warner pleaded guilty in the Kent Circuit Court of third-degree criminal sexual conduct and of being a second-time sexual offender. The court, David H. Soet, J., sentenced the defendant to a prison term of 7½ to 15 years. The defendant appealed, alleging error in the scoring of an offense variable and in the sentence imposed.

The Court of Appeals *held:*

1. The court did not err in scoring the offense variable. The court properly did not include the penetration involved in the instant offense when scoring the variable, and uncontroverted evidence contained within the presentence report supported the scoring.

2. The defendant's sentence is within the recommended guideline range, is proportionate to the seriousness of the circumstances surrounding the offense and the offender, and is not violative of the principle of proportionality.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Thomas H. Schultz,* for the defendant on appeal.

Before: Hood, P.J., and McDonald and Fitzgerald, JJ.

Per Curiam. Pursuant to a plea bargain in which one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct were dismissed, defendant pleaded guilty of third-degree criminal sexual conduct,

MCL 750.520d(1)(b); MSA 28.788(4)(1)(b), and of being a second-time sexual offender, MCL 750.520f; MSA 28.788(6). Defendant was sentenced to a prison term of 7½ to 15 years. After hearing defendant's motion to withdraw his plea or for resentencing, the trial court denied the motion. Defendant appeals as of right, challenging the scoring of an offense variable and the sentence imposed. We affirm.

Appellate review of guidelines calculations is very limited. *People v Reddish,* 181 Mich App 625, 628; 450 NW2d 16 (1989). A sentencing judge has discretion in determining the number of points to be scored provided that evidence exists adequate to support a particular score. *People v Day,* 169 Mich App 516, 517; 426 NW2d 415 (1988). The Sentence Review Committee strongly recommends that this Court uphold scoring decisions for which any support exists. *People v Richardson,* 162 Mich App 15, 17; 412 NW2d 227 (1987).

Defendant objects to the trial court's scoring of Offense Variable 12, which provides:

CRIMINAL SEXUAL PENETRATION(S)
50* 2 or more criminal sexual penetrations 25* 1 criminal sexual penetration 0 No criminal sexual penetrations
Instructions:
Score all penetrations involving the offender arising out of the same criminal transaction.
In csc 1st and csc 3rd do not score the one penetration that forms the basis of the conviction offense.

In his motion for resentencing, defendant argued that the trial court improperly scored ov 12 by including the penetration involved in the instant offense. The trial court disagreed, and explained the reasons for the score:

> It was stated on the record, as I recall it, that she [defense counsel] had reviewed the pre-sentence report. Mr. Warner was asked if there was anything he wished to say. There were no objections made by anyone relative to the pre-sentence report. There were no objections made relative to the guidelines.
>
> It appears from a review of the pre-sentence report that the pre-sentence indicated that Mr. Warner had been involved in a sexual relationship with—I believe the victim was his daughter. This was the second time it had occurred. He had been sent to prison or, at least, sentenced on a prior occasion. On this occasion the pre-sentence indicated, as I recall it, that he had sexual penetration on a substantial number of occasions, a half a dozen occasions perhaps, between October, 1986 and January, 1987. That's the dates as I recall them.
>
> The objection is to the scoring of Offense Variable 12 which scores 50 points for two or more criminal sexual penetrations. In this case there were about six that were stated in the pre-sentence.
>
> The directions for scoring Offense Variable 12 requires that you not score for the penetration which was involved in the specific offense to which the person pled guilty or which he was found guilty, but even setting that one aside there were approximately five more.

The complainant's testimony at the preliminary examination also revealed at least six instances of sexual penetration.

We conclude that the uncontroverted evidence contained within the presentence report may be used to support the trial court's scoring of offense variables. See *Reddish, supra,* p 630, and *People v Green,* 152 Mich App 16, 18; 391 NW2d 507 (1986) (uncontroverted evidence contained within the preliminary examination record may be used to sup-

port the trial court's scoring of offense variables). We note, for purposes of defendant's argument regarding the sentence imposed, that even if we were to find that the trial court improperly scored ov 12, defendant's sentence would still fall within the minimum guidelines range. Furthermore, the trial court stated at sentencing:

> The Court is not going to impose a sentence at the top of the guidelines, which it could do. It will stay within the guidelines, but it does feel that a relatively substantial period of incarceration is merited.

The mandatory minimum sentence in the instant case was five years, and the statutory maximum sentence was fifteen years. The sentencing guidelines do not apply to habitual offender sentencing. *People v Strickland,* 181 Mich App 344, 346; 448 NW2d 848 (1989). Defendant's sentence is within the minimum recommended guideline range, and is therefore presumptively proportionate. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987). Our review of the record convinces us that defendant's sentence is proportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). The sentence is not violative of the principle of proportionality.

Affirmed.