PEOPLE v BIVENS

Docket No. 163762. Submitted June 8, 1994, at Detroit. Decided July 18, 1994, at 9:45 A.M. Leave to appeal sought.

Lynn D. Bivens pleaded nolo contendere in the Barry Circuit Court, Richard M. Shuster, J., of assault with intent to commit sexual penetration and assault with intent to commit criminal sexual conduct in the second degree and was sentenced to prison terms of 48 to 120 months and forty to sixty months respectively. The defendant appealed, arguing that the trial court erred in scoring Offense Variable 12 as fifty points on the basis of his prior sexual conduct with the victim.

The Court of Appeals *held:*

A panel of the Court of Appeals in *People v Polus,* 197 Mich App 197 (1992), erroneously concluded that the holding in *People v Warner,* 190 Mich App 26 (1991), relative to the proper application of ov 12 was dicta and that *Warner* was not controlling authority pursuant to Administrative Order No. 1990-6. Accordingly, because the holding in *Warner* is not dicta, it is controlling authority, and the trial court properly scored ov 12 as fifty points.

Affirmed.

MICHAEL J. KELLY, P.J., concurring, stated that affirmance of the defendant's sentence was proper, not because *Warner* was controlling authority, but rather because even if *Polus* was controlling and it was error to score ov 12 as fifty points and even if a reduced ov 12 score would have resulted in a reduced recommended sentence under the sentencing guidelines, the trial court anticipated that possibility and filed a sentencing guidelines departure form setting forth adequate reasons for the sentences imposed. Remanding the case for resentencing under these circumstances would be futile.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dale A. Crowley,* Prosecuting Attorney, and *Steven B. Flancher,* Assistant Attorney General, for the people.

*Gregory N. Veltema, P.C.* (by *Gregory N. Veltema*), for the defendant.

.

Before: MICHAEL J. KELLY, P.J., and FITZGERALD
and CORRIGAN, JJ.

PER CURIAM. Defendant was charged with two
counts of first-degree criminal sexual conduct and
three counts of second-degree criminal sexual con-
duct. Pursuant to a plea agreement, defendant
pleaded nolo contendere of assault with intent to
commit sexual penetration, MCL 750.520g(1); MSA
28.788(7)(1), and assault with intent to commit
second-degree criminal sexual conduct, MCL
750.520g(2); MSA 28.788(7)(2). Defendant was sen-
tenced to prison terms of 48 to 120 months and
forty to sixty months for his respective convictions.
Defendant appeals as of right. We affirm.

Defendant argues that the trial court erred in
considering prior criminal sexual conduct with the
victim in assessing fifty points for Offense Variable
12. This issue has arisen in two published opinions
since the adoption of Administrative Order No.
1990-6, which requires this Court to follow a prior
published decision of this Court issued on or after
November 1, 1990.

In *People v Warner,* 190 Mich App 26; 475
NW2d 397 (1991), this Court concluded that uncon-
troverted evidence of prior instances of sexual
penetration between the defendant and the victim
could be used to support the trial court's scoring of
offense variables. In *Warner,* the trial court relied
on the evidence of prior penetrations between the
defendant and the victim that was contained
within the presentence report in scoring fifty
points for ov 12. In affirming the defendant's sen-
tence, this Court stated:

> We note, for purposes of defendant's argument
> regarding the sentence imposed, that even if we
> were to find that the trial court improperly scored

ov 12, defendant's sentence would still fall within the minimum guidelines range. [*Id.* at 29.]

In *People v Polus,* 197 Mich App 197; 495 NW2d 402 (1992),[1] another panel of this Court (GRIFFIN, J., dissenting), held that prior conduct cannot be used in the scoring of ov 12. In so holding, the panel noted in a footnote that *Warner* was not controlling authority:

> While *Warner* does arguably support the proposition that prior conduct between the defendant and the victim may be considered in the scoring of Offense Variable 12, we conclude that *Warner* does not control the case at bar because any such conclusion is mere dicta. While the trial court in *Warner* did consider prior conduct in the scoring of Offense Variable 12, and this Court upheld the trial court's scoring of the guidelines, the *Warner* decision never explicitly addressed the question whether prior conduct is appropriate in considering the scoring of Offense Variable 12. Rather, the question addressed by the Court in *Warner* was whether the trial court could properly consider uncontroverted evidence in a presentence report in establishing the scoring of the sentencing guidelines. Furthermore, the *Warner* Court noted that it would not remand the matter for resentencing even if it were to find that the trial court had improperly scored Offense Variable 12 on the basis of the trial court's comments at sentencing. [*Id.* at 200-201, n 3.]

In his dissenting opinion in *Polus,* Judge GRIFFIN stated:

> I disagree with the majority's conclusion that the language in *Warner* addressing this scoring issue is mere dicta. In this regard, I note that,

[1] The prosecutor in *Polus* filed an application for leave to appeal to the Supreme Court on March 5, 1993. Leave is still pending.

until today, our Court has routinely followed *War-
ner* with regard to this issue. . . .

The decision in *Warner* is binding precedent
pursuant to Administrative Order No. 1990-6, 436
Mich lxxxiv. In my view, the majority's failure to
follow *Warner* is a violation of that order. [*Id.* at
206-207.]

In this case, we agree with the prosecutor's
contention that the *Polus* Court erroneously con-
cluded that *Warner* was not controlling on the
issue whether prior conduct between the defen-
dant and the victim may be considered in the
scoring of OV 12. Although not the central issue
raised in the case, the consideration of whether
prior conduct can be considered in the scoring of
OV 12 was essential to the determination whether
OV 12 was scored properly. The appropriateness of
the scoring of OV 12 was considered by the *Warner*
Court, as evidenced by its statement that "even if
we were to find that the trial court improperly
scored OV 12 . . ." and its affirmance of the defen-
dant's sentence.[2] Thus, the language in *Warner* is
not dicta, and a rule of law to which Administra-
tive Order No. 1990-6 applies resulted concerning
the scoring of OV 12. Hence, the *Polus* Court vio-
lated Administrative Order No. 1990-6 by failing
to follow *Warner.*

Applying *Warner,* the trial court properly scored
fifty points for OV 12, because the presentence
report reveals, and defendant admitted, that he
digitally penetrated the victim on prior occasions.

Affirmed.

MICHAEL J. KELLY, P.J. *(concurring).* I believe

[2] The *Warner* Court's conclusion that it would find the defendant's
sentence to be proportionate even if the guidelines were improperly
scored does not render its conclusion that the trial court properly
scored OV 12 dicta, as suggested by the *Polus* Court.

the majority in *People v Polus,* 197 Mich App 197; 495 NW2d 402 (1992), correctly characterized the issue addressed in *People v Warner,* 190 Mich App 26; 475 NW2d 397 (1991), as whether uncontroverted evidence in the presentence report may be used to score OV 12. The defendant merely argued that the lower court improperly scored points under OV 12 for the penetration involved in the subject offense. My reading of *Warner* indicates that the Court did not zero in on the specific issue whether prior incidents of sexual penetration reported in the presentence report may be considered in scoring OV 12. The only mention of prior penetrations in *Warner* is buried in a block quotation of the lower court's decision in that case.

I think both opinions in *Polus* and the majority opinion in this case incorrectly assess the *Warner* Court's treatment of prior sexual penetrations in terms of whether or not it is dicta. Because *Warner* never addressed the issue, there is nothing to debate with respect to dicta. Rather, *Warner* is simply inapplicable.

Accordingly, *Polus,* which did directly address the issue of prior penetrations with respect to the scoring of OV 12, applies in this case. Under *Polus,* the trial court should not have considered prior penetrations between defendant and the victim in scoring OV 12. I would follow the holding in *Polus.* Consideration of penetrations occurring months earlier violates the "same criminal transaction" requirement and overlaps with OV 25, which assigns offense variable points for "contemporaneous criminal acts," including acts similar to the subject offense that occur within six months of the offense.

I nonetheless agree with the majority in this case that defendant's sentence should be affirmed. While a scoring error normally entails remanding

to the sentencing court for reconsideration in light
of the correct scoring, the trial court in this case
indicated that it was filling out a sentencing guide-
lines departure form in the event this Court deter-
mined that the guidelines had been exceeded. The
trial court noted numerous factors in support of its
decision. In other words, the trial court clearly
indicated its intent to stand by the sentences of
four to ten years' and 3⅓ to 5 years' imprison-
ment, and it cited adequate reasons for doing so.
Remanding under these circumstances would be
futile.