PEOPLE v HYLAND

Docket No. 163659, 163758. Submitted July 12, 1995, at Grand Rapids. Decided August 18, 1995, at 9:15 A.M. Leave to appeal sought.

John V. Hyland, Jr., was convicted by a jury in the Otsego Circuit Court of first-degree criminal sexual conduct involving his eight-year-old daughter. Another jury in the same court convicted the defendant of first-degree criminal sexual conduct involving his other daughter, who was nine years old. The court, Alton T. Davis, J., sentenced the defendant to concurrent terms of 18 to 27½ years in prison. The defendant appealed from each conviction and sentence, and the appeals were consolidated.

The Court of Appeals held:

1. By failing to object at trial, the defendant has waived appellate review of the claim that the trial court erred in allowing the children's physician to testify about her opinion that the defendant probably had abused the nine-year-old.

2. Under the ten-part test established by People v Meeboer (After Remand), 439 Mich 310, for assessing the trustworthiness of an out-of-court statement made by a child victim of sexual abuse for purposes of medical treatment or diagnosis, the trial court did not err in admitting, pursuant to the hearsay exception for medical treatment, MRE 803(4), the statement of the nine-year-old to the children's physician. The totality of the circumstances surrounding the declaration, including the age and maturity of the declarant, the manner in which the statements were elicited and phrased, the use of terminology unexpected of a child of similar age, the person who initiated the examination, the timing of the examination in relation to the assault and trial, the type of examination, the relation of the declarant to the person identified, and the

REFERENCES

Am Jur 2d, Assault and Battery §§ 41, 108; Criminal Law §§ 722, 960; Evidence §§ 687-689; Infants § 17.5.

See ALR Index under Abuse of Persons; Children; Confrontation of Witnesses; Hearsay; Sex and Sexual Matters.

existence or lack of motive to fabricate, all support the admission of the statement at issue.

3. The admission of the nine-year-old's statement to her psychologist did not violate the rule against hearsay. The statement was not hearsay because the nine-year-old testified at trial.

4. The statute governing a support person for a child victim of criminal sexual conduct who testifies at the trial of the charged offender, MCL 600.2163a(4); MSA 27A.2163(1)(4), and the defendant's right of confrontation under the Sixth Amendment were not violated when the eight-year-old testified in the courtroom with only the prosecutor, the defense counsel, and the child's support person present and with the defendant, the jury, and others watching the testimony on closed-circuit television. By not objecting at trial, the defendant has waived appellate review of the claim that the child's aunt was not a proper support person. The defendant's confrontation rights were preserved inasmuch as the child was competent to testify, the defendant retained full opportunity for cross-examination, and the jury and the defendant were able to view on television the demeanor of the child while testifying.

5. By failing to request an evidentiary hearing, the defendant has failed to preserve for appeal the claim that defense counsel at trial rendered ineffective assistance by misinterpreting the eight-year-old's testimony and by misrepresenting that information to the defendant. By failing to identify any of the fourteen claimed character witnesses and indicate the substance of their potential testimony, the defendant has not substantiated the claim that defense counsel at trial rendered ineffective assistance in failing to call those witnesses.

6. The eight-year-old's statement to the children's physician was properly admitted into evidence pursuant to MRE 803(4) for the same reasons the nine-year-old's similar statement was properly admitted.

7. The trial court erred in scoring Offense Variable 12 of the sentencing guidelines, which involves the number of penetrations, by considering all prior conduct by the defendant. Administrative Order No. 1994-4 binds the Court of Appeals to follow *People v Polus*, 197 Mich App 197 (1992), and hold that points for OV 12 are to be assessed only for penetrations that arose out of the criminal transaction that led to the defendant's conviction.

Convictions affirmed; case remanded for resentencing.

1. Evidence — Hearsay — Medical Treatment Exception — Child Declarants.
    Inquiry into trustworthiness under MRE 803(4) of the out-of-court

statements of a child victim of sexual abuse to a medical health care provider during a physical examination should consider the totality of the circumstances surrounding their declaration, including the age and maturity of the declarant, the manner in which the statements are elicited and phrased, use of terminology unexpected of a child of similar age, the person who initiated the examination, its timing in relation to the assault and the trial, the type of examination, the relation of the declarant to the person identified, and the existence or lack of motive to fabricate.

2. CONSTITUTIONAL LAW — RIGHT OF CONFRONTATION — CHILD VICTIMS OF SEXUAL ABUSE.

A state's interest in the physical and psychological well-being of child abuse victims may be sufficiently important to outweigh, at least in some cases, a defendant's right to face accusers in court.

3. SENTENCES — CRIMINAL SEXUAL CONDUCT — SENTENCING GUIDELINES — OFFENSE VARIABLES — SEXUAL PENETRATION.

In computing a sentence recommended under the sentencing guidelines for a defendant convicted of criminal sexual conduct, points under the offense variable relating to the number of penetrations are to be assessed only for penetrations that arose out of the criminal transaction that led to the defendant's conviction.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis Murphy,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

*Benson & Tacket, P.C.* (by *Timothy L. Tacket* and *Charles F. Boekeloo*), and John V. Hyland, Jr., in propria persona.

Before: DOCTOROFF, C.J., and NEFF and CONNOR, JJ.

PER CURIAM. In Docket No. 163659, a jury convicted defendant of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), involving his eight-year-old daughter. In Docket No. 163758, another jury convicted defendant of

first-degree criminal sexual conduct involving his other daughter, who was nine years old at the time of the crime. In both cases, defendant presented no defense witnesses. The two cases were consolidated for sentencing and the trial court sentenced defendant to concurrent terms of 18 to 27½ years. Defendant appealed as of right from each case, and we consolidated the appeals. We affirm in part and reverse in part.

DOCKET NO. 163758

Defendant's nine-year-old daughter testified that defendant touched her "private parts" while applying ointment to a rash on her inner thighs. This daughter testified that her mother and grandmother had also applied the ointment, but had never put their fingers in her vagina. The nine-year-old's physician, Dr. Karen Koby-Olson, testified that she examined the child and that, although the physical evidence was not conclusive, sexual abuse probably had occurred.

First, defendant argues that the trial court erred in allowing Dr. Koby-Olson to testify about her opinion that defendant probably abused his nine-year-old daughter. Because defendant did not object to the introduction of this evidence at trial, this issue is not preserved for review. *People v Grant,* 445 Mich 535, 546; 520 NW2d 123 (1994).

Second, defendant claims that the trial court improperly applied the medical treatment hearsay exception, MRE 803(4), when it admitted the statement of the nine-year-old daughter to Dr. Koby-Olson. We disagree.

In *People v Meeboer (After Remand),* 439 Mich 310; 484 NW2d 621 (1992), our Supreme Court recognized that complainants of "tender years" may not understand the need to tell the truth to

medical professionals as adults do.[1] The Supreme Court therefore adopted a ten-factor test for establishing the trustworthiness of the young declarant's statement. *Id.* at 324-325.

The first factor is the age and maturity of the declarant. *Id.* This daughter was nine years old at the time that she told Dr. Koby-Olson of the abuse. Children over the age of ten are presumed to be reliable. *People v Van Tassel (On Remand)*, 197 Mich App 653, 662; 496 NW2d 388 (1992). Lacking any evidence that the nine-year-old was immature, we will weigh her age and maturity in her favor.

The second factor is the manner in which the statements were elicited. *Meeboer, supra* at 324-325. In the evidentiary hearing regarding whether the daughter's statement could be admitted, Dr. Koby-Olson testified that she asked the nine-year-old if she had any problems. The nine-year-old responded, "You mean about that?" When the doctor asked the girl to clarify, defendant's daughter said, "About my dad touching me down there?" We find that this statement was not elicited in a manner that would undermine its credibility.

The third and fourth factors for the trial court to consider are the manner in which the statements are phrased and the use of terminology unexpected in a child of similar years. *Id.* at 325. References to touching "down there" are not scientifically complex and do not indicate that the child's statements were influenced by an adult.

The fifth factor involves the reason for the ex-

---

[1] Since *Meeboer*, Michigan has adopted a "tender years" hearsay exception that applies to children under the age of ten who disclose to third parties that they were victims of sexual abuse. MRE 803A. We presume that the trial court neglected to apply this rule because the prosecution informed defendant one day before trial of its intention to ask Dr. Koby-Olson about the nine-year-old daughter's allegations of sexual abuse by defendant. MRE 803A requires more extensive notice. *Id.*

amination. If the prosecutor scheduled the medical examination, it might indicate that the examination was not for the purposes of medical treatment. *Id.* However, in this case, the grandmother of defendant's daughters testified that she took both girls to see the doctor. She requested that the doctor perform a vaginal examination and told the doctor that the girls had told their psychologist that they had been abused by defendant. Because a grandmother would not be in a position to consider the admissibility of evidence when requesting medical treatment, we find that the nine-year-old was examined only for medical reasons.

The sixth and seventh factors involve the timing of the examination in relation to the abuse and the trial. If the examination is close in time to the abuse, the child may still be suffering from pain and distress. An examination close to trial might indicate a nonmedical motive for the examination. *Id.* The medical examination at issue was scheduled before any knowledge of the alleged sexual abuse. Originally, the examination involved just a routine physical. After becoming aware of the potential abuse, the girls' grandmother asked Dr. Koby-Olson to do a vaginal examination. The nine-year-old testified that she did not inform anyone of the abuse until long after the incident because defendant had threatened her. We find that the timing of the examination did not indicate either that it was too close to the abuse to be trustworthy or that its proximity to the trial date indicated a nonmedical motive for the examination.

The eighth factor is the type of examination. Statements made in the course of treatment for psychological disorders may not be reliable. *Id.* The child made the allegations of abuse during a routine physical examination by the pediatrician

who had cared for her since birth. A routine physical provides no indicia of untrustworthiness.

The ninth factor involves the relation of the declarants to the person identified. This factor is meant to ensure that the child did not misidentify her assailant. *Id.* The nine-year-old testified that her father "touched her down there." Because the child knows her own father, we assume that no misidentification occurred.

The tenth factor is the existence of a motive to fabricate. *Id.* Defendant has not provided any evidence of a motive to fabricate.

We hold that the trial court properly applied the *Meeboer* factors and correctly ruled that the nine-year-old daughter's statement to her doctor was inherently trustworthy. The trial court did not err in admitting this statement pursuant to MRE 803(4).

Next, defendant argues that the admission of the nine-year-old's statements to her psychologist constituted hearsay. The children's grandmother learned of the alleged abuse because the children initially revealed it to their psychologist, Deborah Gibson. The trial court ruled that Gibson could not testify regarding the children's allegations of abuse. Defendant now objects to the following testimony of the nine-year-old daughter:

> *Q.* Do you remember the first time that you told anybody that this was happening to you?
> *A.* Yes.
> *Q.* You do remember that? Who did you tell?
> *A.* Deborah . . .
> *Defense Counsel:* Objection, your Honor. Objection at this point, your Honor. I don't think that's appropriate and not something that we should get into at this point.

The trial court sustained the objection. Hearsay is

a statement, other than the one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. MRE 801(c). Because the nine-year-old was the declarant testifying at the trial or hearing, her statement was not hearsay.

DOCKET NO. 163659

Defendant's eight-year-old daughter testified at trial. She stated that defendant threatened her if she told anyone about "something he did" to her "privates." In the midst of her testimony, defendant interrupted her twice. The first time, he asked if she could get some Kleenex. The second time, he screamed, "That's my daughter you're punishing." After the second outburst, the child was unable to continue. The trial court ordered defendant, the media, and the public to leave the courtroom and watch the testimony on closed-circuit television. The jury also retired to the jury room to watch the eight-year-old testify on closed-circuit television. The prosecution and defense counsel remained in the courtroom during the remainder of the testimony. Pursuant to MCL 600.2163a(4); MSA 27A.2163(1)(4), the eight-year-old's aunt was allowed to sit in the courtroom and act as a support person. The child finished her testimony over closed-circuit television. The eight-year-old also stated that defendant had digitally penetrated her.

Dr. Koby-Olson also testified regarding the eight-year-old. She stated that her examination revealed some redness and vaginal discharge due to a yeast infection, but no abnormalities existed.

Defendant first contends that the trial court violated the statutory provisions for providing a support person. Defendant maintains that the trial

court appointed a support person without forcing
the prosecution to comply with the statutory no-
tice provisions, allowed a biased party to act as
support person, and allowed the support person to
sit in the jury box as if the eight-year-old were
testifying to her.

Because defendant failed to object to these pro-
cedures at trial, this issue is not preserved for
review. *People v Rollins,* 207 Mich App 465, 468;
525 NW2d 484 (1994). The purpose of the appellate
preservation requirements is to induce litigants to
do everything they can in the trial court to pre-
vent error, eliminate prejudice, or at least create a
record of the error and its prejudice. *People v
Taylor,* 195 Mich App 57, 60; 489 NW2d 99 (1992).
Had defendant raised these objections in the trial
court, the court could have addressed the alleged
problems before they occurred. By failing to do so,
defendant did not preserve this issue for review.

Defendant also claims that his removal from the
courtroom violated his right under the Sixth
Amendment of the United States Constitution to
confront the witnesses against him. In *Maryland v
Craig,* 497 US 836; 110 S Ct 3157; 111 L Ed 2d 666
(1990), the United States Supreme Court ruled on
a Sixth Amendment challenge to a Maryland stat-
ute that allowed a child witness in a child abuse
case to testify by closed-circuit television outside
the defendant's physical presence. The Supreme
Court held that a state's interest in the physical
and psychological well-being of child abuse victims
may be sufficiently important to outweigh, at least
in some cases, a defendant's right to face accusers
in court. *Id.* at 852. The Court stated that the
Maryland statute preserved confrontation rights
other than face-to-face confrontation. The statute
required the child to be competent to testify. The
defendant retained full opportunity for cross-exam-

ination, and the judge, the jury, and the defendant were able to view the demeanor of the witness over a video monitor while she testified. Therefore, the statute did not deprive the defendant of his Sixth Amendment right to confront witnesses against him. *Id.* at 851-852.

In this case, defendant's confrontation rights were preserved. The eight-year-old was competent to testify. Defendant retained full opportunity for cross-examination, and both defendant and the jury could view the witness on the monitor. Furthermore, defense counsel remained in the room with the witness so counsel could object to inappropriate questions, and defendant retained the opportunity to confer with counsel during the questioning. We hold that, pursuant to *Craig,* defendant's right to confront witnesses against him was not violated.

Next, defendant argues that he was denied effective assistance of counsel because counsel misinterpreted the eight-year-old's testimony and then misrepresented that information to defendant. Defendant failed to request an evidentiary hearing regarding this issue. Because the record contains no statements by defense counsel of either intentional or accidental misrepresentation of the testimony, this claim is not preserved for review. *People v Wilson,* 196 Mich App 604, 612; 493 NW2d 471 (1992).

Defendant also argues that his counsel was ineffective because he failed to call any of fourteen character witnesses. Ineffective assistance of counsel can take the form of failure to call witnesses only if the failure deprives the defendant of a substantial defense. *People v Hoyt,* 185 Mich App 531, 537-538; 462 NW2d 793 (1990). A defense is substantial if it might have made a difference in the outcome of the trial. *People v Kelly,* 186 Mich

App 524, 526; 465 NW2d 569 (1990). Because defendant failed to identify any of the alleged fourteen character witnesses and failed to indicate the substance of their potential testimony, we cannot say that defendant was denied a substantial defense. Defendant was not denied effective assistance of counsel.

As in Docket No. 163758, defendant argues that the trial court erroneously allowed the eight-year-old to present hearsay evidence about her statements to Dr. Koby-Olson. As we stated earlier, a statement made by the declarant at trial is not hearsay. MRE 801(c).

### SENTENCING

The trial court consolidated these cases for sentencing. Defendant objects to the trial court's award of fifty points for Offense Variable (ov) 12 of the sentencing guidelines. In awarding fifty points, the trial court considered all the penetrations by defendant against his daughters in the past several months.

Ov 12 provides additional points for criminal sexual penetrations other than the penetration that formed the basis for the conviction. All penetrations that involve the same offender and arise out of the same transaction should be considered. The guidelines add twenty-five points for one additional penetration and fifty points for two or more additional penetrations. Michigan Sentencing Guidelines (2d ed).

In *People v Warner*, 190 Mich App 26; 475 NW2d 397 (1991), the defendant pleaded guilty of third-degree criminal sexual conduct. The trial court added fifty points to the defendant's score for ov 12 because the presentence report indicated that the defendant had been involved in a sexual

relationship with his daughter and had molested the daughter six times in the past few months. This Court affirmed the scoring of ov 12 by the trial court. We stated that uncontroverted evidence in the presentence report may be used to support the trial court's scoring of offense variables. *Id.* at 28-29. The case contained no specific analysis of ov 12.

Since *Warner,* two panels of this Court have disagreed about the extent of the precedent set by *Warner.* In *People v Polus,* 197 Mich App 197; 495 NW2d 402 (1992), another panel of this Court held that all prior conduct between a defendant and his victim need not be considered in ov 12. Any statement to the contrary in *Warner* was mere dicta. The *Warner* decision never explicitly addressed which prior conduct should be included in the consideration of ov 12. *Id.* at 200, n 3. Because the instructions for ov 12 stated that only prior conduct involved in the same transaction should be included in the point calculation for ov 12, conduct from several months before the incident leading to the conviction should not be included in that variable. Furthermore, criminal acts of the same nature committed against the same victim within the last six months were already considered in the point calculation for ov 25. *Id.* at 200.

In *People v Bivens,* 206 Mich App 284; 520 NW2d 711 (1994), a third panel of this Court held that *Polus* was wrongly decided. The *Bivens* Court held that it was bound by the decision in *Warner.* Because the consideration of prior conduct in ov 12 was essential to the outcome of *Warner,* this discussion was not merely dicta. Therefore, this Court ruled that it was required by Administrative Order No. 1990-6 to follow *Warner.*

Concurring in *Bivens,* Judge MICHAEL J. KELLY stated:

> I think both opinions in *Polus* and the majority opinion in this case incorrectly assess the *Warner* Court's treatment of prior sexual penetrations in terms of whether or not it is dicta. Because *Warner* never addressed the issue, there is nothing to debate with respect to dicta. Rather, *Warner* is simply inapplicable. [*Id.* at 288.]

We agree with the reasoning of Judge KELLY's concurrence in *Bivens.* Therefore, we adopt the analysis of ov 12 contained in *Polus.* We hold that, because *Warner* never considered the proper scoring of ov 12, the *Bivens* Court incorrectly held that it was bound by *Warner.*

We view *Warner* as initiating a two-step process. First, the trial court may consider all information in the presentence report when scoring offense variables under the guidelines. This general requirement was considered in *Warner.* In that case, the defendant claimed that the trial court, in scoring ov 12, improperly included the penetration involved in the offense for which he was convicted. *Id.* at 27. The trial court responded that it awarded fifty points on the basis of all of the incidents of sexual penetration listed in the presentence report. *Id.* at 28. Our Court affirmed, stating only that "uncontroverted evidence contained within the presentence report may be used to support the trial court's scoring of offense variables." *Id.*

Second, the trial court must consider the specific requirements of each offense variable. This requires an analysis of the requirement in ov 12 that all conduct be considered that "arises out of the same criminal transaction." Although the *Bivens* Court reads *Warner* to state that any instance of prior sexual penetration should be included in ov 12, *Warner* never even discussed the prior conduct requirement. However, the prior conduct require-

ment was the central question in *Polus. Polus* involved a detailed analysis of the relevant language in ov 12 and the implications of other offense variables on the prior conduct requirement. *Id.* at 199-202. Because we hold that *Warner* did not address the question of which prior acts of sexual penetration should be considered in the scoring of ov 12, but that this issue was addressed in *Polus,* we are bound by Administrative Order 1994-4 to follow *Polus.* Accordingly, we also hold that *Bivens* was wrongly decided.

In Docket No. 163758, the trial court properly admitted the nine-year-old's statements to · Dr. Koby-Olson pursuant to the · medical treatment hearsay exception. MRE 803(4). Because the nine-year-old testified at trial that she told her psychologist about the abuse, her statements did not constitute hearsay. MRE 801(c).

In Docket No. 163659, defendant failed to preserve his right to attack the trial court's compliance with the statutory provisions authorizing a support person in a child abuse trial because defendant failed to object to the alleged noncompliance in the trial court. Pursuant to *Craig, supra,* the trial court's procedure did not deny defendant his Sixth Amendment right to confront witnesses against him.

At sentencing, the trial court erred in considering all of the prior conduct of defendant in the scoring of ov 12. Pursuant to *Polus, supra,* the trial court can only consider conduct arising out the same criminal transaction in the scoring of ov 12. We affirm defendant's convictions. We remand for resentencing in a manner consistent with this opinion. We do not retain jurisdiction.