*Order Entered October 10, 1995:*

PEOPLE v RABY, Docket No. 173809. The Court orders that a special panel shall be convened pursuant to Administrative Order No. 1994-4 to resolve the conflict between this case and *People v Warner,* 190 Mich App 26 (1991).

The Court further orders that the opinion in this case released September 26, 1995, is hereby vacated.

The appellant may file a supplemental brief within 28 days of the clerk's certification of this order. Appellee may file a supplemental brief within 21 days of service of appellant's brief. Nine copies must be filed with the Clerk of the Court.

## PEOPLE v RABY

DOCKET No. 173809. RELEASED SEPTEMBER 26, 1995; VACATED OCTOBER 10, 1995.

Before: TAYLOR, P.J., and McDONALD and J. G. COLLINS,* JJ.

TAYLOR, P.J. Defendant pleaded guilty of one count of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and was sentenced to twenty to thirty years' imprisonment. Pursuant to a plea agreement, the prosecutor agreed to the dismissal of additional counts of first- and second-degree criminal sexual conduct involving the same victim. Defendant appeals as of right. We remand.

Defendant challenges the accuracy of the trial court's scoring of Offense Variables (ov) 6 and 12. Appellate review of the guidelines calculation is very limited. *People v Reddish,* 181 Mich App 625, 628; 450 NW2d 16 (1989). This Court will uphold a scoring decision for which there is any support on the record. *People v Richardson,* 162 Mich App 15, 17; 412 NW2d 227 (1987).

Defendant was correctly assessed ten points under ov 6 for two or more victims. Although the offense to which defendant pleaded guilty involved only his seven-year-old daughter, the record indicates that defendant also acted inappropriately with regard to his four-year-old daughter.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant also argues that he was incorrectly scored fifty points on ov 12, which assesses points for criminal sexual penetrations. Defendant claims that the trial court, rather than considering only the one sexual penetration that occurred during the criminal transaction for which defendant pleaded guilty, improperly considered past sexual activity between the victim and defendant in scoring ov 12. He claims that ov 12 should have been scored zero, not fifty. The instructions for scoring ov 12 provide:

> Score all penetrations involving the offender arising out of the same criminal transaction.
>
> *In csc 1st and csc 3rd do not score the one penetration that forms the basis of the conviction offense.

There is an apparent conflict on this Court regarding the scoring of ov 12. In *People v Warner,* 190 Mich App 26; 475 NW2d 397 (1991), a panel of this Court upheld the trial court's scoring of fifty points for ov 12, concluding that the uncontroverted evidence contained within the presentence report supported the trial court's scoring. *Id.* at 28. As summarized by the trial court in *Warner,* the presentence report there indicated that the defendant "had sexual penetration on a substantial number of occasions, a half a dozen occasions perhaps, between October, 1986 and January, 1987." *Id.* Implicit in the *Warner* Court's affirmation of the trial court's scoring of ov 12 is the determination that prior criminal transactions between the defendant and the victim are appropriate considerations.

However, the *Warner* Court went on to state "even if we were to find that the trial court improperly scored ov 12, defendant's sentence would still fall within the minimum guidelines range." *Id.* at 29. On the basis of this language, another panel of this Court concluded that *Warner* was not binding precedent with regard to the scoring of ov 12 because any conclusion made in *Warner* was mere dicta. *People v Polus,* 197 Mich App 197, 200, n 3; 495 NW2d 402 (1992). The *Polus* Court then specifically held that the instructions for ov 12 limit the trial court's consideration in scoring ov 12 to only those penetrations that occurred during the criminal transaction for which the defendant was convicted. *Id.* at 199. The *Polus* Court further stated that the scoring of ov 12 is not to include possible prior criminal sexual penetrations that arose from separate criminal transactions involving the defendant and the victim. *Id.* "That is, Offense Variable 12 is designed to distinguish between rapes in which the defendant penetrates the victim only once during the course of the rape and rapes in which the defendant penetrates the victim more than once during the course of the same rape." *Id.*

Judge GRIFFIN dissented in *Polus,* finding that the discussion of ov 12 in *Warner* was not dicta. Judge GRIFFIN believed the decision in *Warner* was binding precedent pursuant to Administrative Order No. 1990-6.

More recently, another panel of this Court held that the *Polus* Court erred in concluding that *Warner* was not controlling with regard to the issue whether the trial court may consider prior conduct between the defendant and the victim in scoring OV 12. *People v Bivens,* 206 Mich App 284, 287; 520 NW2d 711 (1994). The *Bivens* Court reasoned that the consideration whether prior conduct can be used in scoring OV 12 was essential to the determination whether OV 12 was scored properly in *Warner. Id.* Thus, the *Bivens* Court concluded that the language in *Warner* was not dicta, and that the *Warner* decision resulted in a rule of law concerning the scoring of OV 12 to which Administrative Order No. 1990-6 applied. *Id.* Applying *Warner,* the *Bivens* Court held that the trial court properly scored fifty points for OV 12 because the presentence report revealed and the defendant admitted that he penetrated the victim on prior occasions.

Although Judge MICHAEL KELLY concurred in *Bivens,* he concluded that *Warner* was inapplicable because the *Warner* Court never directly addressed the issue whether prior incidents of sexual penetration between the defendant and the victim can be appropriately considered when scoring OV 12. *Id.* at 288. Judge KELLY reasoned that because the *Polus* Court directly addressed this issue, *Polus,* rather than *Warner,* establishes the applicable rule of law. *Id.*

Although we conclude that this Court's decisions in *Warner* and *Bivens* represent the better-reasoned view, we agree with Judge KELLY's concurrence in *Bivens.* Because *Polus* directly addresses the issue of prior penetrations with respect to the scoring of OV 12, we are bound by Administrative Order No. 1994-4 to follow the *Polus* decision. Accordingly, we hold that evidence of prior instances of sexual penetration between defendant and the victim were inappropriately considered by the trial court in its scoring of OV 12.[1]

Were we not bound by the *Polus* decision, we would conclude that the trial court's scoring was appropriate. That is, as Judge GRIFFIN noted in his dissent in *Polus*: " '[T]he penetrations were properly scored under OV 12 because the multiple penetrations were from the same overall criminal transaction—years of molestation.' " *Polus, supra,* at 206, quoting *People v Harris,* unpublished opinion per curiam of the Court of Appeals, decided September 17, 1992 (Docket No. 126931). We believe that evidence of prior instances of sexual penetration between the defendant and the victim should be considered in the scoring of OV 12. In this case, we would conclude that the fact that defendant admitted molesting his daughter daily for over two years supported the court's assessment of fifty points for OV 12. However, we must remand this case in order to afford the trial court

[1] We note that another panel of this Court has recently addressed this issue, finding that the decision in *Polus* is binding under Administrative Order No. 1994-4. *People v Hyland,* 212 Mich App 701; 538 NW2d 465 (1995). We agree with the *Hyland* Court that *Polus* is dispositive. However, unlike the Court in *Hyland,* at 714, we do not believe that *Bivens* was wrongly decided.

the opportunity to resentence defendant if it concludes that a lesser sentence is appropriate in light of the revised guidelines scoring. "It is the trial court's prerogative to make that determination, not ours." *Polus, supra* at 204.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

J. G. Cᴏʟʟɪɴs, J., concurred.

McDᴏɴᴀʟᴅ, J. *(concurring in part and dissenting in part).* I agree with the majority's conclusion we are bound by Administrative Order No. 1994-4 to follow the *Polus* decision. However, I disagree with the majority's conclusion that *Warner* and *Bivens* represent the better-reasoned view. It was unnecessary for the *Warner* panel to specifically address the ov 12 scoring issue because any decision would not affect the sentence rendered by the court. I agree with the analysis and decision of the majority in *Polus.*