# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES EVERETT FRISON,

        Defendant-Appellant.

UNPUBLISHED
December 5, 2017

No. 331457
Eaton Circuit Court
LC No. 15-020116-FH

---

Before: MARKEY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his conviction, after a jury trial, of embezzlement of property worth between $50,000 and $100,000, MCL 750.174. The trial court sentenced defendant as an habitual offender, fourth offense, to 9 to 25 years' imprisonment, MCL 769.12. The property in question is a Komatsu brand excavator owned by a company owned by the complainants, Barbara and Kees Vandervelden. The complainants had hired defendant to move seven pieces of equipment, including the Komatsu, in a specified order. During the transport, problems arose, the exact nature of which is disputed between defendant and the complainants. The Komatsu did not arrive at its intended destination and was instead found, after the complainants had already reported it stolen and collected on an insurance claim, somewhere in Lansing. We remand this matter to the trial court for a *Ginther* hearing. *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Defendant raises a number of issues on appeal, most of which we decline to address because we are persuaded that a *Ginther* hearing is in order.

Although defendant's trial counsel suggested (in a letter to defendant's appellate counsel) that defendant pursue an "ineffective assistance of trial counsel" argument on appeal, based on his failure to obtain certain telephone and repair records, it is for the trial court to determine whether those records would have made any difference at trial.

Reviewing courts generally presume that counsel has provided effective assistance, and the defendant has the burden to overcome this presumption. *People v Davis*, 250 Mich App 357, 368-369; 649 NW2d 94 (2002).

A defendant must meet two requirements to warrant a new trial because of the ineffective assistance of trial counsel. First, the defendant must show that

counsel's performance fell below an objective standard of reasonableness. In doing so, the defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy. Second, the defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable. [*People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011); see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).]

" 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' " *Harrington v Richter*, 562 US 86, 104; 131 S Ct 770; 178 L Ed 2d 624 (2011), quoting *Strickland*, 466 US 668 at 693-694.

The reviewing court must make every effort "to eliminate the distorting effects of hindsight," *Strickland*, 466 US at 689, including being mindful that no expectation should exist "that competent counsel will be a flawless strategist or tactician," *Harrington*, 562 US at 110. "[A]n attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Id*. A reviewing court should "affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as they did." *Cullen v Pinholster*, 563 US 170, 196; 131 S Ct 1388; 179 L Ed 2d 557 (2011) (internal quotation marks and citation omitted).

Furthermore, defense counsel's decision regarding the choice of legal theories to present is presumed to be an exercise of trial strategy—and "a particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002); see also *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004).

While the failure to present evidence can be deemed ineffective assistance of counsel if it deprives defendant of a substantial defense, *People v Hyland*, 212 Mich App 701, 710; 538 NW2d 465 (1995), vacated in part on other grounds, 453 Mich 902 (1996), the trial court should determine whether the threshold has been met in this case. Defendant and his trial counsel state that if the jury had been presented with certain records, they would have corroborated his version of events, and the jury would have believed him, over complainants. Therefore, the trial court needs to make a determination if the failure to present this evidence deprived defendant of a substantial defense, as his trial counsel believes it has.

This case is essentially a "he said, she said" case, with defendant claiming that the complainants knew of the location of their property and that he did not allow anyone to use it, and with the complainants claiming to the contrary that defendant professed to having delivered the Komatsu excavator as instructed. It is therefore unclear whether defendant can show that "a different result would have been reasonably probable" if trial counsel had obtained the records in question. *Armstrong*, 490 Mich at 290. We note that defendant's trial counsel *actually admitted* that he was ineffective. Ordinarily, this Court defers to trial counsel's judgment and avoids "second guessing" tactical decisions and strategies, particularly with the benefit of hindsight. *Harrington*, 562 US at 105-111. Here, however, trial counsel himself obviated such concerns. Specifically, trial counsel made no attempt to secure telephone records that would have

supported defendant's testimony and contradicted the complainants' testimony; and he also failed to secure evidence that defendant had a trailer repaired, again consistent with defendant's testimony and contrary to the complainants' testimony. Additionally, defense counsel admits that the owner of the repair shop had an actual memory of defendant and the trailer but defense counsel did not subpoena him.

On this record, we hold that defendant has not at this juncture established the "factual substantiality" of his ineffective assistance of counsel claim, see *Ginther*, 390 Mich at 443. However, we also conclude that defendant has sufficiently demonstrated the potential merit of that claim to warrant a remand for an evidentiary hearing in the trial court to aid appellate review of his claim. See *People v Hernandez*, 443 Mich 1, 14-15; 503 NW2d 629 (1993), abrogated on other grounds by *People v Mitchell*, 454 Mich 145; 560 NW2d 600 (1997); see also MCR 7.211(C)(1)(a)(*ii*). We therefore are providing defendant an opportunity to demonstrate at a *Ginther* hearing that trial counsel's failure to present the evidence in question deprived him of a substantial defense, and that, if that evidence had been presented to the jury, it would have corroborated defendant's version of events such that there is a reasonable probability that the jury would have concluded that the prosecution had not proved its case beyond a reasonable doubt. See *Armstrong*, 490 Mich at 290.

Remanded for a *Ginther* hearing. We retain jurisdiction.

/s/ Jane E. Markey
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra

-3-

# Court of Appeals, State of Michigan

# ORDER

People of MI v James Everett Frison

Docket No. 331457

LC No. 15-020116-FH

Jane E. Markey
Presiding Judge

Amy Ronayne Krause

Mark T. Boonstra
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 21 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. The proceedings on remand are limited to the matters indicated in this Court's opinion.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Jane E. Markey

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

December 5, 2017
Date

Chief Clerk